**TARRANT COUNTY, Appellant,**

v.

**Tammy CHANCEY and John Chancey, Appellees.**

**No. 2–96–115–CV.**

Court of Appeals of Texas, Fort Worth.

March 13, 1997.

---

**3.** *Id.* at 879.

**4.** No. 0374–94, —— S.W.2d —— (Tex.Crim.App. April 10, 1996).

**5.** *Id.,* slip op. at 7–8, at —— —— ——.

**6.** Tex.R.Crim. Evid. 404(b).

Tim Curry, Criminal District Attorney, Debra Yaniko Dupont, Assistant District Attorney, Fort Worth, for appellant.

John Runge, Parkhill, Parkhill, Cowden & Runge, PC, Grand Prarie, for appellees.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

DAY, Justice.

The trial court granted the motion of Tammy and John Chancey, appellees, for sanctions against appellant, Tarrant County, ("county") and the county appeals. In two points of error the county argues that the trial court erred in granting the Chanceys' motion for sanctions under Texas Rule of Civil Procedure 13 and section 10.001 of the Texas Civil Practice and Remedies Code. TEX.R.CIV.P. 13 ("Rule 13"); TEX.CIV.PRAC. & REM.CODE ANN. § 10.001 (Vernon Supp.1997) ("Section 10.001"). We agree and vacate the trial court's order imposing sanctions.

### SUMMARY OF THE FACTS

Tammy Chancey was involved in an automobile accident. She lost control of her car on a wet road and went over an embankment. She and her husband John sued Tarrant County, the cities of Fort Worth and Keller, and the State of Texas. They alleged their damages arose from the failure to provide signs warning that the road was extremely hazardous when wet, that the shoulder was soft, and that drivers should reduce their speed. Tarrant County generally denied the Chanceys' allegations and raised several affirmative defenses, including sovereign immunity and lack of proximate cause.

Tarrant County then filed a motion for summary judgment based primarily on its lack of knowledge of the defects in the road and its sovereign immunity. Attached to the summary judgment as evidence were the affidavits of Ray Edwards and Ken Mayfield. A hearing on the motion for summary judgment was postponed so the Chanceys could depose Edwards and Mayfield.

The Chanceys sent notices asking Edwards and Mayfield to appear for depositions and produce documents. The subpoenas duces tecum with the notices requested that Mayfield and Edward produce all records they reviewed and relied on in preparing their affidavits. The county moved to quash the subpoenas duces tecum because they failed to identify the requested documents with reasonable particularity as required by Texas Rules of Civil Procedure 200 and 201.

See TEX.R.CIV.P. 177a, 200, 201. Before the trial court heard the county's motion to quash, the Chanceys' attorney agreed to consider amending the subpoenas duces tecum. Accordingly, the hearing was canceled and the depositions were rescheduled.

The Chanceys then sent an amended notice of intent to take oral depositions. However, the attached subpoenas duces tecum were unchanged. The subpoenas asked Mayfield to bring "[a]ll records [he] reviewed kept by Northeast Maintenance Center upon which [he] rel[ied]" and asked Edwards to bring "[a]ll records [he] reviewed kept by Tarrant County Transportation Department which [he] rel[ied] upon." After receiving the amended notice, the county filed another motion to quash. The Chanceys then moved for sanctions against the county under Rule 13 and section 10.001. See TEX.R.CIV.P. 13; TEX.CIV.PRAC. & REM.CODE ANN. § 10.001 (Vernon Supp.1997). In their motion, the Chanceys alleged:

- that the county represented to the court that the Chanceys' requests were vague and harassing but the deponents actually knew specifically which documents the Chanceys were requesting;

- that the county represented that the requests were unreasonable in scope and unduly burdensome but the documents requested could be reviewed in two to three hours and when stacked would be only one-half inch high;

- that the county's motion was filed to cause unnecessary delay and needless increase in cost, and to deny the Chanceys access to relevant documents; and

- that, on reasonable inquiry, the county would have found the allegations in their motion to quash were groundless and false.

The county then deposed Tammy Chancey and filed an amended motion for summary judgment on the basis that she had knowledge of the alleged road defects that caused her injury. The county responded to the Chanceys' motion for sanctions, arguing that it based its motion to quash on its good faith belief that the subpoenas duces tecum requesting "all records" were improper be-

cause they were vague, overly broad, unduly burdensome, and harassing, under Rules 200 and 201. *See* TEX.R.CIV.P. 200, 201.

The trial court set the Chanceys' motion for sanctions, the county's motion to quash, and the county's amended motion for summary judgment for hearing on the same date. At the hearing, the trial court entered summary judgment for the county, refused to hear the county's motion to quash, and granted the Chanceys' motion for sanctions. The trial court levied monetary sanctions against the county in the amount of $2,500 plus $750 in attorneys' fees.

### SANCTIONS UNDER RULE 13

■ We review a trial court's Rule 13 sanctions order under an abuse of discretion standard. *Stites v. Gillum*, 872 S.W.2d 786, 788 (Tex.App.—Fort Worth 1994, writ denied); *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ); *see also GTE Communications v. Tanner*, 856 S.W.2d 725, 730–32 (Tex.1993) (orig. proceeding) (applying abuse of discretion standard for review of Rule 13 sanctions). To determine whether the trial court abused its discretion, we examine whether it acted without reference to any guiding rules or principles. *Stites*, 872 S.W.2d at 788; *Home Owners*, 815 S.W.2d at 889. It is not necessarily an abuse of a trial court's discretion if under the same facts we would decide the matter differently, or if the court committed a mere error in judgment. *Home Owners*, 815 S.W.2d at 889. We should only overturn a trial court's discretionary ruling when it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Stites*, 872 S.W.2d at 788; *Home Owners*, 815 S.W.2d at 889. Thus, we may reverse a trial court for abusing its discretion if its decision was arbitrary or unreasonable. *Id.*

Rule 13 provides:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not *groundless and brought in bad faith or*

*groundless and brought for the purpose of harassment.* Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.

*Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.* "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

TEX.R.CIV.P. 13 (emphasis added).

■ Under Rule 13 a court may impose the sanctions available under Rule 215(2)(b) against a party, a party's attorney, or both, if they file a pleading that is both groundless *and* either brought in bad faith or for the purpose of harassment. *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ); *Home Owners*, 815 S.W.2d at 889; *see* TEX.R.CIV.P. 13, 215(2)(b). Moreover, Rule 13 dictates that courts presume the papers are filed in good faith. TEX.R.CIV.P. 13; *GTE*, 856 S.W.2d at 731. The party moving for sanctions bears the burden of overcoming this presumption. *GTE*, 856 S.W.2d at 731.

■ Rule 13 exists for a specific reason:

[It] is a tool that must be available to trial courts in those egregious situations where the worst of the bar uses our honored system for ill motive without regard

to reason and the guiding principles of the law. The rule, however, cannot become a weapon used to punish those with whose intellect or philosophic viewpoint the trial court finds fault.

*Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 951 (Tex.App.—Houston [1st Dist.] 1993, no writ). Rule 13 is designed to "check abuses in the pleading process, i.e. to insure that at the time the challenged pleading was filed the litigant's position was factually well grounded and legally tenable." *Home Owners*, 815 S.W.2d at 889; *see also Stites*, 872 S.W.2d at 789. Thus, in deciding whether a pleading meets the test of being both groundless *and* either brought in bad faith or for the purpose of harassment, a trial court must examine the facts and circumstances existing at the time the pleading was filed. *Home Owners*, 815 S.W.2d at 889.

■ In the present case the Chanceys failed to present any evidence that the county's motion to quash was groundless. The Chanceys did not present any evidence at the hearing except deposition excerpts attached to their motion. These excerpts indicated that the deponents, Edwards and Mayfield, knew what records they had reviewed.

Even if the deponents knew what records they had reviewed, it does not follow that the Chanceys' requests were proper, or that the county's motion to quash was groundless. The county based its motion on its good faith belief that the Chanceys' requests for "all records" were improper because they were vague, overly broad, unduly burdensome, and harassing and did not meet the specificity requirements of Rule 167 of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 167, 200, 201. The county also contended that the Chanceys' requests for "all records" were improper under the Texas Supreme Court's holding in *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989). In *Loftin*, the court held that a request for "all evidence" was vague, ambiguous and overly broad. *Id.* at 148; *see also K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 40 Tex. Sup.Ct. J. 50, 51 (1996) (orig. proceeding). The Chanceys never presented any evidence that the motion to quash was based on an incorrect or misapplication of

legal precedent. The question in issue was whether the county's motion to quash was based on a good faith belief that it had a clear basis in law and fact or on a good faith argument for the extension, modification, or reversal of existing law at the time it was made. TEX.R.CIV.P. 13; *GTE*, 856 S.W.2d at 730. We find no evidence that it was not.

Moreover, the only paper the Chanceys alleged was groundless was the county's motion to quash. The trial court refused to consider this motion and, therefore, could not properly determine whether the arguments raised in it were groundless. A pleading is not sanctionable under Rule 13 unless it is groundless, and we find no evidence of groundlessness in the record. *See* TEX. R.CIV.P. 13.

■ Furthermore, Rule 13 requires that the trial court state the particulars of good cause in its order. *See* TEX.R.CIV.P. 13. In this order, the trial court simply states that it finds the motion was filed "for the purposes of harassment, causing unnecessary delay, needles [sic] increase in the cost of litigating of Plaintiffs [sic] case, and for the purpose of denying Plaintiff access to relevant documents." Such general findings are insufficient to satisfy the particularity requirements of Rule 13. The court must specify, in its order, the particular acts or omissions on which the sanctions were based. *Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 399 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Accordingly, because there is no evidence that the county's motion to quash was groundless and because we find the trial court's order lacks the particularity of findings required by Rule 13, we hold the trial court abused its discretion by imposing sanctions on the county under Rule 13.

SANCTIONS UNDER SECTION 10.001

■ The trial court also imposed these sanctions under section 10.001. This statute applies only to pleadings and motions filed in cases commenced on or after September 1, 1995. TEX.CIV.PRAC. & REM.CODE ANN. § 10.001 historical note (Vernon Supp.1997) [Act of May 4, 1995, 74th Leg., R.S., ch. 137,

§ 2, 1995 Tex.Gen.Laws 977, 978]. The Chanceys filed their original petition on February 3, 1995. A trial court has no discretion to determine what the law is. *Karlock v. Schattman,* 894 S.W.2d 517, 521 (Tex.App.—Fort Worth 1995, no writ) (orig. proceeding). "[A] clear failure by the trial court to ... apply the law correctly will constitute an abuse of discretion...." *Id.* Section 10.001 does not apply to this case, and the trial court abused its discretion in granting sanctions under it.

CONCLUSION

We hold the trial court abused its discretion in entering the order for sanctions under Rule 13 and Section 10.001 because (1) no evidence was offered to show the motion to quash was groundless, (2) the trial court's order lacked the particularity of findings required by Rule 13, and (3) section 10.001 does not apply to this case.

Accordingly, we vacate the trial court's order imposing sanctions against Tarrant County.