# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00702-CV

**Cynthia Schlapper, Appellant**

**v.**

**Rand K. Forest and Crosswater Yacht Club, L.P., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-12-001283, HONORABLE TIM SULAK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Cynthia Schlapper appeals pro se from the trial court's order dismissing her claims against Rand K. Forest and Crosswater Yacht Club, L.P., ordering her to refrain from filing further pleadings asserting such claims, and awarding Crosswater attorney's fees. For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a long-running property dispute. Schlapper is the record owner of a .416 acre tract near Lake Travis. In numerous cases and appeals, Schlapper has asserted ownership to various tracts abutting and near her .416 acre tract.

**Prior litigation**

In 2005, Schlapper filed suit against a number of individuals, including Forest, Betty Hanson, and Dorothy Uzzell, and several business entities, all of whom had interests in lands abutting or near Schlapper's .416 acre tract. In the suit, Schlapper claimed title to all or part of those neighboring tracts.[1] The individual defendants disclaimed any ownership in the sued-for tracts, and Harbor Ventures, Inc., intervened asserting its ownership. The trial court dismissed some of Schlapper's claims against the individuals, and following a bench trial, rendered judgment that Schlapper take nothing as to the remainder of her claims against the individual defendants and her claims against the original business entity defendants and awarded title to two tracts to Harbor Ventures. Schlapper appealed to this Court, which affirmed the trial court's judgment. *See Schlapper v. Forest*, No. 03-06-00315-CV, 2010 Tex. App. LEXIS 7037, at *5 (Tex. App.—Austin Aug. 24, 2010, pet. denied) (mem. op.).[2]

In 2007, Hanson and Uzzell deeded four tracts that were part of the 2005 suit and are located near Schlapper's .416 acre tract to Crosswater (the Property). In 2009, Crosswater sued the owner of a tract adjacent to the Property seeking declaratory and injunctive relief. Schlapper

---

[1]  In seven amended petitions, Schlapper claimed to own all or part of three to seven neighboring tracts, claiming at various times to own "part of a larger unimproved tract that is in easement [sic] to LCRA," "a part (a partition) of a 4.0 acre estate of land," and "more than one-third of the approximately 2.72 acres" across the road from her .416 acre tract, and alternately referring to the claimed property as "my land," "my easement," "my conservation easement," and "the partition." *See Schlapper v. Forest*, No. 03-06-00315-CV, 2010 Tex. App. LEXIS 7037, at *5 (Tex. App.—Austin Aug. 24, 2010, pet. denied) (mem. op.).

[2]  In 2008, in a related proceeding, this Court upheld the trial court's finding that Schlapper had not established indigency and was not entitled to a free record on appeal. *See Schlapper v. Forest*, 272 S.W.3d 676 (Tex. App.—Austin 2008, pet. denied).

intervened in that action, asserting ownership to all or part of the Property, and Crosswater filed a motion to strike her intervention. The trial court found that Schlapper's asserted interests in the Property had been previously adjudicated in the 2005 suit and that Schlapper had no justiciable interest in the Property, granted the motion to strike intervention, and severed the claims Schlapper asserted in her plea in intervention into a separate action (the severed action). There was no activity in the severed action for more than a year. In 2011, an order granting a motion to retain the severed action was signed. The order stated that Crosswater's motion to retain had been considered. Schlapper filed a motion for clarification to determine if the action was still open and pending. Crosswater responded by filing a plea to the jurisdiction. The trial court determined that Crosswater had not filed a motion to retain and the order had been inadvertently signed, vacated the order granting the motion, and granted Crosswater's plea to the jurisdiction. Schlapper did not appeal.

**Instant Litigation**

In 2012, Schlapper filed the underlying action claiming title to "the same land described in" the deed from Hanson and Uzzell to Crosswater that had also been involved in the 2005 suit, i.e., the Property. She sought a declaration that Forest was barred in the 2005 action from asserting ownership claims to the Property and "quiet title to remove the cloud" on the Property caused by the deed from Hanson and Uzzell to Crosswater. Forest and Crosswater filed a joint motion for sanctions under Rule 13 and Chapter 10 of the Civil Practice and Remedies Code seeking an order dismissing Schlapper's claims based on res judicata, directing her to refrain from filing further pleadings asserting an ownership interest in the Property, and awarding Forest and Crosswater attorney's fees. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §§ 10.001–.006.

3

The trial court granted the motion and subsequently signed an amended order to clarify and specify the bases for its ruling.[3] *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.005. This appeal followed.

## DISCUSSION

In nine issues, Schlapper argues that the trial court abused its discretion in granting Crosswater's motion for sanctions. In issues four, five, and seven, she contends that the trial court erred in finding that her claims are barred by res judicata. In issues one through three and eight, she argues that the evidence did not support a finding that her pleadings were groundless and brought in bad faith or for purposes of harassment or delay, that the sanctions for suing Forest were unreasonable and arbitrary, and that the order does not specify the bases for the sanctions as required under Rule 13 and Chapter 10. In issue nine, Schlapper contends the trial court erred in admitting into evidence the deed from Hanson and Uzzell to Crosswater. We will address Schlapper's arguments concerning res judicata, sanctions, and the admission of the deed in turn.[4]

---

[3] Although both parties sought attorney's fees in the joint motion, Forest withdrew his request for attorney's fees at the hearing, and the order awarded fees only to Crosswater.

[4] In her sixth issue, Schlapper complains that the trial court improperly awarded the Property to Crosswater in its order on the motion for sanctions. Her basis for this complaint is that "the order says that Crosswater owns the property." The order includes a finding of fact that Crosswater is the record owner of the Property and refers to "Crosswater's Property." We do not construe these statements to be an adjudication of Crosswater's ownership of the Property. We overrule Schlapper's sixth issue.

**Res Judicata**

Res judicata precludes parties from relitigating claims that have been finally adjudicated by a court of competent jurisdiction and related matters that could have been adjudicated. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Res judicata applies if (1) there is a prior final judgment on the merits; (2) the present proceeding is based on the same claims as were raised or could have been raised in the prior action; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. *Id.* Schlapper does not dispute that this action involves the same claims as the previous actions or that Crosswater is in privity with Hanson and Uzzell as to the Property. She does, however, argue that there is no final judgment on the merits and that the trial court erred in finding that she lost in the previous cases. She contends that the dismissal of her claims against Hanson and Uzzell in the 2005 action resulted in her being determined the "undisputed owner" of the tracts they disclaimed and that it is Forest and Crosswater who are barred by res judicata. According to Schlapper, her claims against Crosswater have never been heard on the merits because Crosswater "keep[s] filing [motions] to keep postponing it forever."[5]

---

[5] Schlapper also argues that the trial court erred in ruling on Forest's and Crosswater's affirmative defense of res judicata in connection with their motion for sanctions because the "proper procedure" for determining res judicata is summary judgment. We do not find this argument persuasive. A trial court may hear a party's motion that is properly filed and set for hearing. Schlapper does not contend that the motion was improperly filed or set, and the record shows that in their motion Forest and Crosswater sought dismissal and attorney's fees as sanctions, Schlapper had the opportunity to and did file a written response, and a hearing was held in which she participated. Schlapper also asks that we review her appeal under the standard applied to appeals of summary judgments. There is no summary judgment ruling before us, and we decline to apply the summary judgment standard of review.

Schlapper misconstrues the legal effect of the 2005 judgment and this Court's affirmance and appears to misunderstand the legal effect and finality of a pretrial dismissal on the merits. Although the record is far from clear, Schlapper asserted in her petition below and argues repeatedly on appeal that the Property is the same property to which she claimed title in the 2005 action.[6] Assuming that to be true, those claims were dismissed with prejudice pretrial or denied in the trial court's take-nothing judgment following a bench trial, which this Court affirmed. *See Schlapper*, 2010 Tex. App. LEXIS 7037, at *2, 30. Contrary to Schlapper's understanding, the dismissal and judgment were an adjudication that Schlapper does not own title to the Property. *See id.* Further, Schlapper's claim to the Property was also adjudicated in the 2009 action, in which her plea in intervention was stricken on the ground that she has no justiciable interest in the Property and her claims severed and ultimately dismissed. Rather than appeal that dismissal, Schlapper brought this action, once again asserting ownership to the Property, which resulted in dismissal on the basis of res judicata.

To have standing to bring suit—and therefore to be entitled to a trial on the merits of her ownership claims to the Property—Schlapper must cross a threshold and demonstrate that she has a justiciable interest in the subject matter of the suit. *See Jenkins v. Jenkins*, 991 S.W.2d 440, 444 (Tex. App.—Fort Worth 1999, pet. denied) (standing concerns whether plaintiff is personally aggrieved and therefore has justiciable interest in the controversy); *see also Black's Law Dictionary* 944 (9th ed. 2009) (defining "justiciable" as "properly brought before a court of justice; capable of

---

[6] As noted above, the appellate record in the appeal of the 2005 suit reflected that in her various petitions Schlapper asserted ownership to a number of different tracts described in varying language. *See Schlapper*, 2010 Tex. App. LEXIS 7037, at *5.

6

being disposed of judicially"). In neither this case nor any of the prior proceedings has she been able to do so. At no time has she produced any evidence that she owns any property other than the .416 acre tract and an access easement to Lake Travis across the two tracts awarded to Harbor Ventures in the 2005 suit. *See Schlapper*, 2010 Tex. App. LEXIS 7037, at *17–19 (concluding that deed on which Schlapper relied conveyed only .416 acre tract and ingress/egress easement over neighboring tracts). In both the 2005 action and the 2009 action, it was determined that Schlapper failed to establish ownership of the Property. As the trial court in this case observed, there may never have been an adjudication as to who does own the Property, but it has been finally adjudicated that Schlapper does not. We conclude that the trial court did not err in finding Schlapper's claims barred by res judicata. *See Igal*, 250 S.W.3d at 86. We overrule issues four, five, and seven.

**Sanctions**

We generally review a trial court's award of sanctions for an abuse of discretion. *See American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam). A trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App.—Austin 2008, pet. denied); *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ denied). Because the amended order here cites Forest's and Crosswater's request for sanctions under both Rule 13 and Chapter 10 and tracks language from both provisions, we may review the order under the standard of either provision. *See* Tex. R. Civ. P. 13;

7

Tex. Civ. Prac. & Rem. Code § 10.005; *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (reviewing order in light of Chapter 10 because trial court's written order specifically ordered sanction pursuant to penalty provision of chapter 10); *cf. American Flood Research*, 192 S.W.3d at 583–84 (where order imposing sanctions neither referred to nor tracked any language of specific rule, analysis governed by language of any rule cited in motion).

Schlapper argues that her petition was not groundless because her ownership of the Property was established as a matter of law in the 2005 action, Forest and Crosswater are estopped by the disclaimers of Hanson and Uzzell and barred by res judicata from asserting claims to the Property, and her claims therefore have a reasonable basis in the law. She contends there is no evidence of any malicious purpose on her part that would constitute bad faith or intent to harass, cause delay, or waste judicial resources because she merely filed suit to get relief and get her property back. Finally, she argues that the order fails to specify the good cause on which the sanctions are based and that the findings that purport to state good cause are all either immaterial or false.

Under Rule 13, a trial court may sanction a party whose pleading is groundless and brought in bad faith or groundless and brought for purpose of harassment. *See* Tex. R. Civ. P. 13. "Groundless" means there is no basis in law or fact and the pleading is not warranted by a good faith argument for the extension, modification, or reversal of existing laws. *See id.* Groundlessness turns on the merits of the claim. *Harrison v. Harrison*, 363 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In determining whether a claim is groundless, a court looks to the facts available to the litigant and the circumstances at the time the pleading was filed. *Id.*; *In re United*

*Servs. Auto. Ass'n*, 76 S.W.3d 112, 116 (Tex. App.—San Antonio 2002, orig. proceeding). Schlapper's challenges to the trial court's finding that her petition was groundless are based on essentially the same arguments as her challenge to the trial court's finding that her claims are barred by res judicata. We have already concluded that it has previously been adjudicated that Schlapper does not own any interest in the Property. In multiple pleadings and proceedings, Schlapper has failed to produce any evidence of ownership of the Property, and her claims have been repeatedly stricken, dismissed, or adjudicated against her. At the time she filed her petition in this suit, she was well advised that there is no basis in law or fact for her claims that she owns the Property.[7] Res judicata barred Schlapper's claims, and this action was groundless as a matter of law. *See Campos v. Ysleta Gen. Hosp. Inc.*, 879 S.W.2d 67, 73 (Tex. App.—El Paso 1994, writ denied). Based on the facts available to Schlapper and the circumstances at the time she filed her petition in this case, we conclude that the trial court did not abuse its discretion in determining that Schlapper's petition was groundless. *See* Tex. R. Civ. P. 13; *Harrison*, 363 S.W.3d at 863; *Robson*, 267 S.W.3d at 406 (trial court did not abuse discretion in finding negligent entrustment claim groundless where plaintiff did not conduct reasonable inquiry prior to filing and alleged facts did not support such claim).

"A party acts in bad faith when discovery puts him on notice that his understanding of the facts may be incorrect, and he does not make reasonable inquiry before filing a pleading."

---

[7] Schlapper includes a subheading in her brief tracking the language of Chapter 10 concerning extension, modification, or reversal of existing law, which is comparable to language in Rule 13. However, she argues only that her claims are "supported by law" and has therefore waived any contention that they are warranted by a nonfrivolous or good faith argument for extension, modification, or reversal of existing law under either Chapter 10 or Rule 13. *See* Tex. R. App. P. 38.1(i).

*Robson*, 267 S.W.3d at 407; *Monroe*, 884 S.W.2d at 819. In the context of Rule 13 sanctions, "[r]easonable inquiry means the amount of examination that is reasonable under the circumstances of the case." *Robson*, 267 S.W.3d at 406; *Monroe*, 884 S.W.2d at 817. Bad faith is more than bad judgment or negligence; it means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Robson*, 267 S.W.3d at 407. A party cannot avoid sanctions by claiming he was not acting with malicious or discriminatory purpose in bringing his claim. *Monroe*, 884 S.W.2d at 819. "In deciding whether pleadings are filed in bad faith . . . , the trial court must measure the litigant's conduct at the time the relevant pleading was filed." *Harrison*, 363 S.W.3d at 863 (citing *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 191 (Tex. App.—Texarkana 2011, no pet.)).

Here, the record shows that despite numerous written decisions finding that Schlapper has failed to establish ownership of the Property—including one upheld by this Court—and oral explanations from the trial courts as to why she has failed to establish ownership and why any further such claims are barred, Schlapper once again asserted in her petition that her ownership of the Property is undisputed.[8] Schlapper cannot avoid sanctions merely by asserting that she had no malicious purpose. *See Monroe*, 884 S.W.2d at 819. In the face of Schlapper's apparent refusal to

---

[8] On appeal, Schlapper continues to assert that she is "entitled to a trial and . . . to a judgment showing that [she is] the undisputed owner of the property." Schlapper notes the trial court's remarks that it was obvious she is a "woman of intelligence and . . . commitment" who was trying "to get some kind of understanding, get some kind of resolution in something that is consistent with the law, with the procedures, and with fairness." However, the trial court also explained to her that it has been judicially determined that she has no interest in the Property and that the court was seeking to give her "as much clarity and understanding" as possible about why Forest and Crosswater were seeking the relief they sought and why their request was being given "very serious consideration by this Court."

accept the express language of the deeds in evidence and abide by prior court decisions and advisories from the bench, the trial court could have reasonably concluded that—just as a party can fail to make reasonable inquiry when discovery puts him on notice that his understanding of the case may be wrong—Schlapper failed to sufficiently consider the facts, evidence, and procedural history, which put her on notice that her understanding of the case is wrong, before filing yet another pleading asserting the same claims. We conclude that the trial court did not abuse its discretion in determining that Schlapper's claims were brought in bad faith. *See Robson*, 267 S.W.3d at 406; *Monroe*, 884 S.W.2d at 817 (trial court did not abuse discretion in finding bad faith where plaintiff's repeated response to requests for admission of "unknown to plaintiff" showed no reasonable inquiry prior to filing).

Finally, Schlapper complains that the trial court's order failed to state the particulars of good cause for the award of sanctions.[9] Rule 13 requires that "[n]o sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." *See* Tex. R. Civ. P. 13. Failure to comply with this directive is an abuse of discretion. *Robson*, 267 S.W.3d at 407; *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). Schlapper contends that there is nothing in the order "that gives any reason whatsoever that [her] claim against Crosswater is groundless and brought in bad faith" and that the findings stated in the order are either irrelevant, false, or outside the record. The trial court's

---

[9] Schlapper also argues that the award of sanctions against her for suing Forest are unreasonable and arbitrary because he was not a party to the 2009 suit. Schlapper's claims for declaratory relief against Forest are based on her claims of ownership of the Property, and our conclusion that the trial court did not abuse its discretion in finding that claim groundless and brought in bad faith applies to her claims against Forest as well.

11

amended order includes nine findings reciting the procedural history of Schlapper's claims, including the finality of the prior judgment and orders in the trial court and this Court, and noting that despite the prior rulings, Schlapper continued to file repeated lawsuits and pleadings against Forest and Crosswater.

We conclude that the trial court's order complies with the Rule 13 requirement to specify the good cause for the sanctions and that the trial court did not abuse its discretion. *See* Tex. R. Civ. P. 13; *cf. Overman v. Baker*, 26 S.W.3d 506, 511–12 (Tex. App.—Tyler 2000, no pet.) (trial court abused discretion where order stated only that application was brought in bad faith and that good caused existed without specifying acts or omissions on which sanctions were based); *Tarrant Cnty. v. Chancey*, 942 S.W.2d 151, 155 (Tex. App.—Fort Worth 1997, no writ.) (trial court abused discretion where order stated only that motion was filed for harassment and other improper purposes without specifying conduct on which sanctions were based). Because we conclude that the trial court did not abuse its discretion in ordering sanctions under Rule 13, we need not consider whether sanctions were appropriate under the standards of Chapter 10. *See* Tex. R. App. P. 47.1, 47.4; *American Flood Research*, 192 S.W.3d at 583–84. We overrule issues one through three and eight.

**Admission of Deed into Evidence**

In her ninth issue, Schlapper complains that the trial court erred in admitting into evidence Crosswater's deed to the Property. Forest and Crosswater contend that Schlapper has waived any complaint on appeal on this issue. We agree. Although Schlapper filed written objections to the admission of the deed into evidence, she neither obtained a ruling on her pre-hearing objections nor objected to the admission of the deed at the hearing. Therefore, she has

12

failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *City of Fritch v. Coker*, No. 07-13-00287-CV, 2014 Tex. App. LEXIS 2326, at *10 (Tex. App.—Amarillo Feb. 27, 2014, pet. filed ) (mem. op.) (incumbent on party to obtain ruling on objection to evidence to preserve issue for appeal). Even if Schlapper had not waived this issue, however, we would not find her arguments persuasive. The trial court's order does not adjudicate Crosswater's ownership of the Property, and the deed itself was immaterial to the trial court's determination that Schlapper's claim to the Property had been previously adjudicated and her petition was groundless and brought in bad faith—a determination we have already concluded is supported by the record. Therefore, any error in the admission of the deed into evidence is harmless. *See* Tex. R. App. P. 44.1(a) (providing for reversal only if error probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to court of appeals); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (harmless error rule applies to all errors); *Gray v. Sangrey*, 428 S.W.3d 311, 318 (Tex. App.—Texarkana 2014, pet. denied) (admission of hearsay testimony, even if error, harmless where sufficient admissible evidence supported challenged findings and conclusions). We overrule Schlapper's ninth issue.

## CONCLUSION

Having overruled Schlapper's issues, we affirm.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Affirmed

Filed:   July 30, 2014