**Reversed and Remanded and Opinion filed March 13, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00403-CV

### KRISTALYN HARRISON, Appellant

### V.

### LUKE HARRISON, JAMES ALLEN GARNER AND VICKIE ANN GARNER, Appellees

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Cause No. 6518**

## OPINION

Appellant, Kristalyn Harrison (Kristalyn), filed this cause, a bill for review, against appellees, Luke Harrison (Luke), James Allen Garner, and Vickie Ann Garner (the Garners). By her bill of review, Kristalyn attacked the notice provided to her in proceedings that ultimately terminated her parental rights to her child, D.H. The trial court granted appellees' Rule 13 motion for sanctions and ordered Kristalyn's bill of review dismissed as a sanction. *See* TEX. R. CIV. P. 13. Kristalyn appeals the sanction order. We reverse and remand.

BACKGROUND

The following timeline illustrates the course of the legal proceedings, the operative addresses to which notice was sent, and the totality of the circumstances before the trial court when it sanctioned Kristalyn.

| | |
|---|---|
| 2/2005 | Kristalyn and Luke divorce. Kristalyn is named managing conservator of D.H. Kristalyn and D.H. live with Kristalyn's mother, Karen Neumann, at her home located at 1025 Old Burton Road, Brenham, Texas, 77833, though D.H. is occasionally with a babysitter for some time. |
| 3/2005 | Luke picks up D.H. for visitation at the babysitter's but does not return him. D.H. and Luke live with the Garners, and they enroll D.H. in daycare. |
| 1/3/2006 | James and Vicki Garner (step grandparent and grandparent) file a petition in a suit affecting the parent-child relationship, seeking termination of the parent-child relationship between Kristalyn and DH in Cause No. CCL-4902. |
| 1/30/2006 | Kristalyn files a petition for writ of habeas corpus and/or for enforcement of child custody determination in Cause No. CCL-4428. Cause Nos. CCL-4902 and CCL-4428 are ultimately ordered consolidated on Kristalyn's motion. |
| 2/7, 9, 15/2006 | Following several days of testimony, the trial court grants Kristalyn's motion for enforcement and denies the Garners' motion for temporary orders. Kristalyn is present at the hearing. D.H. is returned to Kristalyn pending trial on the merits. |
| 8/21/2006 | Kristalyn's attorney, Jamie Elick, files a motion to withdraw. Elick lists Kristalyn's last known address as 1025 Old Burton Road, Brenham, Texas, 77833. Elick also states that he has provided Kristalyn with a copy of a deposition notice for Kristalyn's deposition scheduled on October 6, 2006. |
| 8/31/2006 | Luke files a petition seeking sole managing conservatorship of D.H. |
| 9/7/2006 | The trial court grants Elick's motion to withdraw. |
| 10/6/2006 | Kristalyn fails to appear for her deposition. |

11/16/2006     The trial court holds a hearing on Luke's motion to compel and motion for temporary orders. Kristalyn does not appear. The trial court grants the motion to compel, strikes Kristalyn's pleadings, but does not enter a default order. Instead, the trial court grants Luke's motion for temporary orders, names Luke temporary managing conservator, and issues a writ of attachment for D.H., but orders D.H. brought before the trial court within 72 hours to provide Kristalyn a chance to present evidence.

11/22/2006     The Austin County Sheriff executes the writ and picks up D.H. at Kristalyn's new residence, Bell Oaks Village, Apartment No. 705, 890 High Oaks Drive, Bellville, Texas, 77418. The Sheriff delivers D.H. to Luke at the premises of the Austin County jail at 417 North Chesley, Bellville, Texas, 77418, as arranged.

11/28/2006     Luke appears before the trial court with D.H. Kristalyn does not appear. The trial court sets the petition seeking termination of Kristalyn's parental rights for a mandatory pretrial hearing on December 19, 2006, and orders specific admonishments to Kristalyn. Regarding service of this notice, the trial court inquires about where the writ was executed, and counsel indicates the writ was served at the Bell Oaks Apartments, Apartment No. 705, 890 High Oaks Drive, Bellville, Texas, 77418. Counsel acknowledges that this is not the address listed as the last known address. When counsel offers to send notice of the pretrial conference and trial to "both addresses . . . regular mail and certified mail," the Court indicates: "That would be fine. . . . Let's do that. Wherever the writ of attachment was served."

12/13/2006     Luke's counsel serves the following notice of the pretrial hearing to Kristalyn:

> Notice is given that all parties are to appear in the County Court at Law, Washington County, Texas in the above captioned matter for a ***mandatory pretrial conference on December 19, 2006*** at 9:00 o'clock a.m. ***In addition, Final Trial is set for January 29, 2007 at 9:00 a[.]m.***
>
> In the event that a party fails to appear at the mandatory pretrial conference then a default judgment may be taken, including but not limited to the termination of

3

parental rights of KRYSTALYN HARRISON.[1]

The notice states that it was sent to "KRYSTALYN HARRISON, at 1025 Old Burton Rd., Brenham, Texas 77833 and 417 North Chesley, Bellville, Texas 77418."

12/19/2006    Kristalyn does not appear at the hearing. Counsel indicates to the trial court that he has served the notice "at 1025 Old Burton Road, Brenham, Texas, 77833, and also to 417 North Chesley, Bellville, Texas, 77418." The trial court inquires about why notice has been sent to "the place in Bellville," and counsel reminds that the trial court "[t]hat is the location where the child was picked up on the writ of attachment."

Concerned about Kristalyn's failure to appear and the absence of green cards documenting notice, the trial court inquires of Kristalyn's whereabouts. Luke testifies that Kristalyn moves around a lot and he does not know where she is.

The trial court then hears uncontested testimony regarding bruises and cigarette burns on D.H.; Kristalyn's drug use; Luke's efforts to return D.H. as scheduled without appearance or call from Kristalyn; and Kristalyn's absence without calling for long periods of time.

Concluding that Kristalyn was "duly and properly cited, [but] did not appear and wholly made default," the trial court enters an order terminating the parent-child relationship between D.H. and Kristalyn, but declines to order any further costs or fees.

12/17/2010    Kristalyn, through her attorney, Jamie Elick, files a petition for bill of review against the Garners and Luke, alleging a failure to serve her with notice almost four years earlier.

1/11/2011    The Garners file an answer and a motion for sanctions pursuant to Rule 13, alleging that Harrison's petition is groundless and filed in bad faith and for the purpose of harassment, and requesting that the trial court strike Harrison's petition and award them attorney's fees. *See* TEX. R. CIV. P. 13.

---

[1] Emphasis in original.

4

2/11/2011    The trial court holds an evidentiary hearing on the sanctions motion, grants the motion, and strikes Kristalyn's petition for bill of review as the sanction.

In three issues, Harrison contends that the trial court erred in finding that her petition for bill of review was groundless; the trial court abused its discretion by imposing Rule 13 sanctions without any evidence of bad faith; and the trial court abused its discretion by striking the petition for bill of review without testing lesser sanctions.

## STANDARD OF REVIEW

Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who files a pleading that is groundless and brought in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13. Because it is within the discretion of the trial court to impose sanctions under Rule13, we will set aside its decision only on a showing of an abuse of discretion. *Tex.-Ohio Gas, Inc. v, Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action but whether the court acted without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). There is no abuse of discretion if some evidence of substantive and probative character supports the trial court's decision or if the evidence is conflicting. *In re D.C.M.*, No. 14-06-00844-CV, 2008 WL 4146785, at *9 (Tex. App.—Houston [14th Dist.] Sept. 9, 2008, pet. denied) (mem. op.), *disapproved on other grounds by Tucker v. Thomas*, No. 14-09-01081-CV, 2011 WL 6644710, at *14 (Tex. App.—Houston [14th Dist.] Dec. 20, 2011, no pet. h.) (en banc) (mem. op.) (citing *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).

ANALYSIS

In her first issue, Harrison claims that the trial court erred by finding that her petition was groundless. In her second issue, Harrison argues that it was an abuse of discretion for the trial court to impose Rule 13 sanctions without evidence of bad faith.

By their motion for sanctions, the Garners urged that the petition was groundless because "[p]laintiff wrongfully contends she was not properly served or given notice of hearings, discovery, pre[-]trial settings or trial settings, court orders or judgments." They also alleged that Kristalyn "waited until 3:52 p.m. on Friday, December 17, 2010, before the statute of limitations expired on Sunday, December 19, 2010 to file this action."[2]

"Groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. Groundlessness turns on the legal merits of a claim. *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 184 (Tex. App.—Texarkana 2011, no pet.). "To determine if a pleading was groundless, the trial court uses an objective standard: did the party and counsel make a reasonable inquiry into the legal and factual basis of the claim?" *In re United Servs. Auto. Ass'n*, 76 S.W.3d 112, 116 (Tex. App.—San Antonio 2002, orig. proceeding). The court will look to the facts available to the litigant and the circumstances at the time the suit was filed. *Id.*

Courts must presume that pleadings are filed in good faith, and the burden is on the party moving for sanctions to overcome this presumption. *Dike*, 343 S.W.3d at 191;

---

[2] The Garners' allegation refers to the general four-year limitations period for a bill of review found in section 16.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008). However, the Garners did not plead or otherwise rely upon the six-month statute of limitations defense regarding challenges to termination or adoption orders within section 161.211 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.211 (West 2008) (providing six-month statute of limitations for challenging termination order); *see also In re M.Y.W.,* No. 14-06-00185-CV, 2006 WL 3360482, at *2 (Tex. App.—Houston [14th Dist.] Nov. 17, 2006, pet. denied) (mem. op.) (holding six-month limitation under section 161.211 is affirmative defense (citing *In re Bullock*, 146 S.W.3d 783, 790 (Tex. App.—Beaumont 2004, no pet.))). Therefore, it cannot form the basis of the trial court's determination that the petition was groundless.

*Tex.-Ohio Gas, Inc.*, 28 S.W.3d at 139; *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Dike.*, 343 S.W.3d at 191; *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 203 (Tex. App.—Dallas 2011, no pet.); *Mattly*, 19 S.W.3d at 896. In deciding whether pleadings are filed in bad faith or for the purposes for harassment, the trial court must measure the litigant's conduct at the time the relevant pleading was filed. *Dike*, 343 S.W.3d at 191; *Tex.-Ohio Gas, Inc.*, 28 S.W.3d at 139. Moreover, the trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was filed. *Tex.-Ohio Gas, Inc.*, 28 S.W.3d at 139; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). The plaintiff's petition alone cannot establish that a case was brought in bad faith or to harass. *Tex.-Ohio Gas, Inc.*, 28 S.W.3d at 139.

Kristalyn argues that the trial court's conclusion that notice of the December 19, 2006 hearing was properly sent to her last known address is contrary to the record, and appellees had actual knowledge of the address where she resided. Kristalyn filed her petition on the ground *inter alia* that she was not properly served or given proper notice of all hearings, discovery, pretrial settings, trial settings, or final judgment.

The record also reflects that when her attorney, Jamie Elick, withdrew from representation on September 7, 2006, he provided the trial court with the 1025 Old Burton Road, Brenham, Texas address. *See* TEX. R. CIV. P. 10 (requiring, when another attorney is not to be substituted, withdrawing attorney's motion to state, among other things, the party's last known address). All notices were sent to that address. Certified mail receipts show that notice of the December 19, 2006 hearing was sent to Harrison at the Old Burton Road address, and the signed certificate of service on the notice states that "a true and correct copy . . . was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on December 13, 2006." *See* TEX. R. CIV. P.

7

21a (providing that a document may be served on a party by delivering copy via certified or registered mail to the party's last known address; the party or attorney of record shall certify to the court compliance in writing over signature and on the filed instrument; and a certificate by a party or the attorney of record is prima facie evidence of the fact of service).

Further, Peggy Diggs of the Washington County District Clerk's Office testified at the sanctions hearing that the clerk's office's records show that a certified copy of the December 19, 2006 order was sent to Kristalyn at the last known address in the file as submitted by the Garners' attorney's certificate of last known mailing address filed with the trial court on December 19, 2006. Diggs further testified that the clerk's office's records show that it had not received any return mail from Kristalyn. Kristalyn did not attempt to refute Diggs's testimony.

Kristalyn acknowledged at the sanctions hearing that she did not notify the trial court of her Bell Oaks Village apartment address in Bellville. Rule 21a specifies that notices be sent to the party's last known address, "thus imposing a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address." *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

However, the record clearly reflects a mistake in service of the notice of the final pretrial conference. The trial court ordered and counsel agreed that notice would be provided to Kristalyn both at the Brenham last known address **and** the Bellville address where the writ of attachment was served on Kristalyn in November 2006. And, though counsel assured the trial court that the notice and the admonishment about the failure to appear were provided at the address ordered, they were not. The Bellville address used for the notice of the final pretrial conference was 417 North Chesley, Bellville, Texas— **the Austin County jail** where the Sheriff delivered D.H. to Luke.

8

Thus, the record as a whole reflects that the trial court believed Kristalyn's petition to be groundless because the trial court was led to believe that Kristalyn's claim that she was not served at **her** Bellville address was patently false when, in fact, it was verifiably true. Kristalyn failed to apprise the court of continuing jurisdiction of her current address after her counsel's withdrawal. However, we find no case, and appellees cite none, that such a failure, standing alone, supports dismissal of a bill of review on lack of notice where the petitioner avers no receipt of notice. Loss of the opportunity to contest a termination of parental rights is simply too steep a penalty for keeping a current address on file with a court in perpetuity. *Cf. Mathis v. Lockwood*, 166 S.W.3d 743, 746 (Tex. 2005) (per curiam) (even assuming a litigant has a duty under Rule 21a to keep the court apprised of his or her correct and current address, "unless noncompliance was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to be heard.").

Thus, on this record and under the circumstances of a termination of parental rights, we hold that Kristalyn's failure to apprise the court of continuing jurisdiction of her current address is an insufficient basis upon which to find that her allegations of lack of notice are groundless or have been made in bad faith. Moreover, we hold that filing a petition for bill of review within but upon the eleventh hour of the applicable limitations period does not make that petition groundless. We take no position, however, on the actual merits of the petition for bill of review.

Having sustained Kristalyn's first two issues, we need not address her remaining issue. We reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

/s/    Sharon McCally
       Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

9