**Affirmed and Memorandum Opinion filed January 23, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00114-CV

---

## EX PARTE K.S. II, K.S., AND K.S., CHILDREN

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2017-61665A**

---

## M E M O R A N D U M   O P I N I O N

Mother filed a petition for writ of habeas corpus, asserting that she was entitled to possession of the three children she shared with Father. Father filed a response and a motion requesting sanctions. The trial court denied both Mother's request for habeas relief and Father's request for sanctions, and Father filed this appeal. For the reasons below, we affirm.

### BACKGROUND

The issues in this appeal center around two orders governing Mother's and Father's possession of their three children.

The trial court signed an Agreed Final Decree of Divorce on December 23, 2019. The Decree sets out the schedule for Mother's and Father's possession of the children and provides as follows for Father's weekend possession:

Weekends During the Regular School Term:

- Father is entitled to possession of the children on the first, third, and fifth Friday of each month and ending when the children's school resumes after the weekend.

- Father is entitled to possession of the children on the Thursday preceding the second and fourth Friday of each month and ending at 12:00 p.m. on the following Saturday.

Weekends That Do Not Occur During the Regular School Term:

- Father is entitled to possession of the children on the first, third, and fifth Friday of each month and ending at 6:00 p.m. the following Sunday.

The Decree also provides as follows with respect to Christmas holidays:

Christmas Holidays in Even-Numbered Years:

Father has a right to possession of the children beginning when their school is dismissed for the Christmas school vacation and ending at noon on December 28. Mother has a right to possession of the children beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after Christmas vacation.

Christmas Holidays in Odd-Numbered Years:

Mother has a right to possession of the children beginning when their school is dismissed for the Christmas school vacation and ending at noon on December 28. Father has a right to possession of the children beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after Christmas vacation.

The parties subsequently signed Agreed Interim Orders, which provide as follows with respect to Mother's and Father's possession schedule:

Possession Schedule Through May 31, 2022

Mother and Father agree that the possession schedule set forth in their

Agreed Final Decree of Divorce shall remain in effect until 6:00 p.m. on June 1, 2022.

Summer Possession Schedule Beginning June 1, 2022

Mother and Father shall each be entitled to 30 consecutive days of possession of the children.

Possession Schedule Beginning August 1, 2022

Mother "shall have possession of the children during the week" and Father "shall have possession of the children on the 1st, 3rd, and 5th weekends beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday."

On December 30, 2022, Mother filed a petition for writ of habeas corpus, asserting that she was entitled to possession of the children and that the children were being "illegally restrained" by Father. Mother attached to her petition the parties' Agreed Final Decree of Divorce.

Father filed a response to the petition that same day, arguing that Mother was not entitled to possession of the children under the Agreed Interim Orders, which superseded the possession schedule in the Agreed Final Decree of Divorce. The trial court signed an "Order for Issuance of Writ of Habeas Corpus for Children" on December 30, 2022, ordering Father to present the children for a hearing on January 18, 2023, to determine "whether the children should be returned" to Mother.

Approximately one week later, Father filed a motion to dismiss Mother's petition for writ of habeas corpus. Citing Texas Rule of Civil Procedure 13, Father also requested that Mother be sanctioned "in the form of reasonable attorney's fees incurred by" Father. To support his motion, Father attached as evidence the Agreed Interim Orders and the Mediated Settlement Agreement for Interim Orders. Asserting that the possession schedule in the Agreed Interim Orders clearly superseded the schedule in the Agreed Final Decree of Divorce, Father argued that

Mother's petition for writ of habeas corpus was "groundless" and "brought in bad faith and solely for the purpose of harassment."

The trial court held a hearing on Mother's petition on January 18, 2023. Mother testified at the hearing and asserted that, because the Agreed Interim Orders did not address holiday visitation, the holiday visitation schedule in the Agreed Final Decree of Divorce governed the parties' dispute. Mother asked the court to grant time with her children to "compensate for the time that [she] lost for Christmas." Concluding that Mother was "not currently entitled to possession of the children," the trial court denied Mother's requested habeas relief. The trial court also summarily denied Father's request for attorney's fees.

On February 3, 2023, the trial court signed an order that (1) dismissed Mother's petition for writ of habeas corpus, finding that Father "ha[d] a superior right to present possession of the children on the date of [the] hearing," and (2) denied Father's request for sanctions and attorney's fees. Father timely appealed.

## ANALYSIS

Father raises four issues on appeal, which we consolidate as follows:

1. the trial court erred by failing to hold a hearing on Father's motion for sanctions and attorney's fees; and

2. the trial court erred by denying Father's request for sanctions and attorney's fees.

Before turning to these issues, we set out the text of Texas Rule of Civil Procedure 13, which Father cited in his request for sanctions:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad

4

faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

Tex. R. Civ. P. 13.

## I. Hearing on Father's Motion for Sanctions

In his first issue, Father asserts he "had a right to have his request for attorney's fees heard by the trial court." We disagree.

Under Rule 13, the trial court may impose sanctions only "after notice and hearing." Tex. R. Civ. P. 13 ("If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *after notice and hearing*, shall impose an appropriate sanction[.]") (emphasis added). But Rule 13 does not require a trial court to hold an evidentiary hearing prior to *denying* sanctions. *See K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 96 n.6 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("neither rule 13 nor chapter 10 requires an evidentiary hearing before denying, as opposed to granting, a motion for sanctions"); *see also Skinner v. Levine*, No. 04-03-00354-CV, 2005 WL

5

541341, at \*3 (Tex. App.—San Antonio Mar. 9, 2005, no pet.) (mem. op.) ("Rule 13 requires a 'hearing' only before the trial court imposes sanctions."); *Breault v. Psarovarkas*, No. 01-01-00122-CV, 2003 WL 876651, at \*6 (Tex. App.—Houston [1st Dist.] Feb. 28, 2003, pet. denied) (mem. op.) ("[Rule 13] requires a court to hold a hearing prior to applying sanctions. The rule does not require a hearing prior to denying sanctions.").

Therefore, contrary to Father's contention, he did not have a right to a hearing on his request for attorney's fees. *See* Tex. R. Civ. P. 13; *K. Griff Investigations, Inc.*, 633 S.W.3d at 96 n.6. We overrule Father's first issue.

## II. Denial of Father's Request for Sanctions and Attorney's Fees

Father's remaining issues challenge the trial court's denial of his request for sanctions and attorney's fees under Rule 13.

We review a trial court's decision to grant or deny sanctions for an abuse of discretion. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 91 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The test for an abuse of discretion is not whether the facts present an appropriate case for the trial court's action but whether the trial court acted without reference to any guiding rules or principles. *Harrison v. Harrison*, 363 S.W.3d 859, 862 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

As set out above, Rule 13 provides that a trial court is authorized to sanction a party who files a pleading that is groundless and brought in bad faith, or groundless and brought for the purpose of harassment. *See* Tex. R. Civ. P. 13. "Groundless" under Rule 13 means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law.

6

*Id.*; *see also Harrison*, 363 S.W.3d at 863. "Bad faith" is not merely bad judgment or negligence, but is "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *State v. PR Invs. & Specialty Retailers, Inc.*, 180 S.W.3d 654, 670 (Tex. App.—Houston [14th Dist.] 2005) (en banc), *aff'd*, 251 S.W.3d 472 (Tex. 2008). "Harassment" means that the pleading "was intended to annoy, alarm, and abuse another person." *Id.*

Courts must presume that pleadings are filed in good faith and the burden is on the party requesting sanctions to overcome this presumption. *Harrison*, 363 S.W.3d at 863. To determine whether pleadings were filed in bad faith or for purposes of harassment, the trial court must measure the litigant's conduct as of the time the relevant pleading was filed. *Id.*

Here, the trial court's denial of Father's request for sanctions and attorney's fees does not constitute an abuse of discretion. Specifically, the record does not show that Mother's petition for writ of habeas corpus was brought in bad faith or for purposes of harassment. *See* Tex. R. Civ. P. 13.

As Mother explained at the January hearing on her petition, the possession schedule in the parties' Agreed Final Decree of Divorce provided both (1) a schedule for weekend possession, and (2) a Christmas holiday schedule. The Agreed Interim Orders, however, only provided a schedule for weekend possession without making any adjustments for holidays. Mother argued that, because the Agreed Interim Orders did not address holiday visitation, the children's holiday visitations continued to be governed by the Agreed Final Decree of Divorce. Mother also pointed out that, as stated in the parties' "Mediated Settlement Agreement for Interim Orders," the Agreed Interim Orders' possession schedule was intended to apply until the parties' August 29, 2022 trial setting — which would have concluded well before the Christmas holidays.

7

However, as Father argued in his motion for sanctions and on appeal, the Agreed Interim Orders clearly state that the original possession schedule "remained in effect until 6:00 p.m. on June 1, 2022." After that date, the children's possession schedule would be determined solely with reference to the Agreed Interim Orders. The Agreed Interim Orders further state that this schedule would "remain in effect until the Court or the jury returns a verdict on the final trial." The record does not indicate that any trial was held before Mother filed her petition for writ of habeas corpus in December 2022.

But although this reading of the relevant documents supports Father's opposition to the requested habeas relief, it alone does not show that Mother's petition was brought in bad faith or for purposes of harassment as necessary to warrant sanctions. *See id.*; *see also Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("If an appellant's argument on appeal failed to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate."). Moreover, the record does not contain any evidence showing Mother filed her petition "for dishonest, discriminatory, or malicious purposes" or with the intent to "annoy, alarm, or abuse" Father. *See State*, 180 S.W.3d at 670. Therefore, the trial court did not abuse its discretion in denying Father's request for sanctions and attorney's fees.

We overrule Father's remaining issues.

## CONCLUSION

We affirm the trial court's February 3, 2023 order denying Father's request for sanctions and attorney's fees.

8

/s/   Meagan Hassan
Justice

Panel consists of Justices Hassan, Poissant, and Wilson.