**Affirmed and Memorandum Opinion filed February 6, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00179-CV

---

## WEST OAKS STORAGE, LLC, Appellant

## V.

## SANTA LUCIA MENDEZ GUERRERO D/B/A LUCY'S PET SERVICES, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2021-81253**

---

## M E M O R A N D U M   O P I N I O N

Appellee Santa Lucia Mendez Guerrero d/b/a Lucy's Pet Services ("Guerrero") operated a mobile pet grooming business and stored her work van at a storage facility owned and operated by appellant West Oaks Storage, LLC. Guerrero sued West Oaks after her van was damaged in a fire. The trial court granted summary judgment on Guerrero's claims and West Oaks subsequently filed a motion for sanctions, asserting that Guerrero's pleadings were groundless

and frivolous. The trial court denied the motion and West Oaks appealed. For the reasons below, we affirm the trial court's denial of West Oaks' motion for sanctions.

**ANALYSIS**

In a single issue, West Oaks contends the trial court erred when it denied its motion for sanctions. We save a detailed recitation of the underlying proceedings for later in the analysis, where they can be appreciated in the context of the standard of review and law applicable to West Oaks' appeal.

## I. Standard of Review and Applicable Law

We review a trial court's award or denial of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). In matters committed to a trial court's discretion, the test is whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). "In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, reviewing the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment." *K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 96 (Tex. App.—Houston [14th Dist.] 2021, no pet).

In the trial court and on appeal, West Oaks asserted that it is entitled to sanctions under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code chapter 10.

To impose sanctions under Rule 13, the proponent must establish that the challenged pleading, motion, or other paper was groundless and brought either (1) in bad faith, or (2) for purposes of harassment. Tex. R. Civ. P. 13. A pleading,

motion, or other paper is "groundless" when it has no basis in law or in fact. *Id*. Similarly, a claim is groundless for Rule 13 purposes when "there is no arguable basis for the cause of action." *K. Griff Investigations, Inc.*, 633 S.W.3d at 95.

"Bad faith" does not mean merely bad judgment or negligence — rather, it requires "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Harrison v. Harrison*, 363 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Courts presume that pleadings are filed in good faith and the burden is on the party moving for sanctions to overcome this presumption. Tex. R. Civ. P. 13; *K. Griff Investigations, Inc.*, 633 S.W.3d at 95. "Harassment" includes words, conduct, or actions that, "being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose." *Harassment*, Black's Law Dictionary (11th ed. 2019).

To determine whether pleadings were filed in bad faith or for purposes of harassment under Rule 13, the trial court measures the litigant's conduct as of the time the relevant pleading was filed. *Harrison*, 363 S.W.3d at 863. "The plaintiff's petition alone cannot establish that a case was brought in bad faith." *Id*. at 864.

In contrast, chapter 10 provides four grounds upon which a trial court may impose sanctions against a party:

1.  a pleading or motion was presented for an improper purpose, including to harass, cause unnecessary delay, or needlessly increase costs of litigation;

2.  the asserted claims are not warranted by either existing law or by a nonfrivolous argument for a change in the law;

3.  any allegation or other factual contention does not have evidentiary support after a reasonable opportunity for investigation or discovery; or

3

4. any denial of a factual contention is not warranted by the evidence or is not reasonably based on a lack of information or belief.

*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.002, 10.004. The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that, "to the signatory's best knowledge, information, and belief, formed after reasonable inquiry," the signed pleading or motion does not run afoul of these provisions. *Id*. § 10.001.

## II. Proceedings in the Trial Court

Where, as here, the appellate record does not contain an evidentiary hearing on the motion for sanctions, we review the pleadings and evidence in the record. *See, e.g.*, *K. Griff Investigations, Inc.*, 633 S.W.3d at 96.

In December 2021, Guerrero filed an original petition against West Oaks. In her petition, Guerrero stated that she previously entered into a rental agreement with West Oaks to lease a storage space for her work van. According to Guerrero, "miscreants" set fire to her storage unit in December 2019, which "ruined" her work van. Guerrero alleged that West Oaks "should have known that the fence to its facility was damaged" and "failed to secure its storage facility," thus "breach[ing] its duty to safely store [Guerrero's] work vehicle." Guerrero asserted against West Oaks claims for violations of the Texas Deceptive Trade Practices Act, common law fraud, negligence, negligent misrepresentation, and breach of contract. Guerrero requested a recovery based on the damages to her work van and her business; however, Guerrero also included three paragraphs requesting the incorporation of certain damage measurements based on personal injuries.[1]

---

[1] Specifically, Guerrero's petition included the following paragraphs:

- **Pre-Existing Condition**. In the alternative, [Guerrero] would show that if any injury and/or condition from which she currently suffers was pre-existing, then

Approximately one month later, West Oaks filed a motion to dismiss Guerrero's claims. *See* Tex. R. Civ. P. 91a (dismissal of baseless causes of action). West Oaks argued that the parties' rental agreement included "releases and indemnities" that insulated West Oaks from liability with respect to the damage to Guerrero's work van. West Oaks attached the rental agreement as evidence and pointed to the following provisions:

- In the section of the agreement entitled "**NO WARRANTIES**," it states that "[n]o express or implied warranties are given by [West Oaks]. [West Oaks] disclaimed and Tenant waives any implied warranties of suitability, merchantability, security, safety, or fitness for a particular purpose." Continuing on, this section states that West Oaks "does not promise safety or security of persons or property on the premises, and [West Oaks] has no duty of safety or security of same under any circumstances."

- In the section of the agreement entitled, "**NONLIABILITY AND RELEASE FOR LOSS OR INJURY; AND, INSURANCE**," the agreement states:

    > [West Oaks] is not a bailee and has no safekeeping duties for Tenant's property at any time under any circumstance. [West Oaks] IS NOT LIABLE FOR ANY LOSS, DAMAGE, OR CAUSE OF ACTION OF ANY NATURE, INCLUDING BODILY INJURY AND DAMAGE TO PROPERTY STORED IN OR TRANSPORTED TO OR FROM TENANT'S SPACE, REGARDLESS WHO OWNS SUCH PROPERTY AND REGARDLESS WHETHER THE LOSS OR DAMAGE IS CAUSED IN WHOLE OR IN PART BY FIRE,

---

such condition was aggravated, exacerbated, and/or made worse by the negligence of [West Oaks] herein.

- **Subsequent Condition**. In the alternative, [Guerrero] would show that if she suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of [West Oaks] herein.

- **U.S. Life Tables**. [Guerrero] hereby notifies [West Oaks] of her intention to use U.S. Life Tables as published by the U.S. Government in the trial of this matter.

SMOKE, DUST, WATER, W[E]ATHER, INSECTS, VERMIN, EXPLOSION, UTILITY INTERRUPTION, EQUIPMENT MALFUNCTION, UNEXPLAINED DISAPPEARANCE, NEGLIGENCE OF [West Oaks] OR [West Oaks'] AGENT, THEFT BY OTHERS OR ANY OTHER CAUSE TO THE FULLEST EXTENT ALLOWED BY LAW.

(emphasis in original).

- The section of the agreement entitled "**INDEMNITY AND SUBGROGATION**" states that "TENANT WILL IDEMNIFY AND HOLD [West Oaks] HARMLESS FROM ALL CLAIMS, DAMAGES, GOVERNMENT FINES, LAWSUITS, AND LAWSUIT COSTS RELATING TO ANY LOSS, DAMAGE OR CAUSE OF ACTION OF ANY NATURE, INCLUDING BODILY INJURY AND DAMAGE TO PROPERTY STORED IN OR TRANSPORTED TO OR FROM TENANT'S SPACE[.]" (emphasis in original).

- Finally, the agreement also includes a "**NOTICE TO TENANT AND RELEASE**" that states "*NO REPRESENTATIONS OF SAFETY OR SECURITY HAVE BEEN MADE TO TENANT BY [West Oaks] OR [West Oaks'] AGENTS. TENANT HEREBY RELEASES [West Oaks] AND [West Oaks'] AGENTS FROM LIABILITY FOR ALL LOSS, DAMAGE OR CAUSE OF ACTION OF ANY NATURE*[.]" (emphasis in original).

West Oaks also included with its motion to dismiss an "Incident/Investigation Report" completed by the Harris County Fire Marshal's office shortly after the fire at Guerrero's storage space. In its summary of the reporting officer's investigation, the report states:

I conducted the fire origin and cause investigation utilizing the appropriate use of fire pattern analysis, fire damage observations, the consideration of witness information, and other valuable data.

Following a scene examination and after conducting witness interviews, I determined this was an accidental fire caused by a non-specific electric anomaly in the area of the electric door controller.

6

The investigation is closed as an accidental fire.

Citing the parties' rental agreement and the fire marshal's report, West Oaks asked the trial court to dismiss Guerrero's claims with prejudice.

We summarize the remainder of the relevant trial court proceedings as follows:

- West Oaks filed its original answer the same day as its motion to dismiss. In its affirmative defenses, West Oaks repeatedly asserted that certain provisions of the parties' rental agreement barred Guerrero's claims.

- Guerrero filed her first amended petition on January 20, 2022, and asserted the same claims against West Oaks. Guerrero again alleged that the fire in her work van was caused by "miscreants" that entered through a damaged fence. Guerrero asserted that West Oaks "should have known the fence to its facility was damaged" and, accordingly, breached its duty to safely store Guerrero's work van.

  With respect to the rental agreement, Guerrero asserted that the parties' contract "does not state that [Guerrero] will be responsible for keeping [West Oaks'] property safe and secure and maintain the fence on [West Oaks'] property."

- Guerrero filed a response to West Oaks' motion to dismiss the same day, asserting that a determination as to whether her claims had a basis in law or fact was beyond Rule 91a's scope.

- Guerrero filed her second amended petition on January 25, 2022; it is substantially similar to her first amended petition and asserts the same claims. However, Guerrero added an allegation asserting that the "circumstances under which she entered into the Contract with [West Oaks] involved an unconscionable bargaining process and is therefore unconscionable." Guerrero asserted that the rental agreement was "against public policy" and, therefore, unenforceable.

- On March 5, 2022, Guerrero's counsel filed a motion for withdrawal of counsel. The motion asserts that counsel is "unable to effectively communicate" with Guerrero and that Guerrero failed to return messages and letters. The record does not show that the trial court ruled on the motion for withdrawal.

- West Oaks filed a combined traditional and no-evidence summary judgment motion in December 2022. *See* Tex. R. Civ. P. 166a(c), (i). West Oaks raised the same arguments as it asserted in its motion to dismiss: that the parties' rental agreement barred Guerrero's claims and that she had no evidence to support her allegation that the fire was caused by "miscreants" who entered the facility through a damaged fence.

- Guerrero filed a response to the summary judgment motion and attached as evidence (1) her affidavit, (2) pictures of the damage to her work van, and (3) images from West Oaks' website.

- On January 10, 2023, the trial court signed an order granting West Oaks' summary judgment motion. The trial court denied West Oaks' request for attorney's fees incurred in the trial court proceedings.

- West Oaks filed a motion for sanctions approximately one month later and Guerrero filed a response.

- On March 1, 2023, the trial court signed an order denying West Oaks' motion for sanctions.

## III. Application

West Oaks raises three arguments to support its argument that the trial court erred in denying its motion for sanctions: (1) Guerrero never disputed the existence and application of the parties' rental agreement, which absolved West Oaks of liability, (2) Guerrero never had any evidence to support her claims, and (3) Guerrero asserted claims based on physical injuries even though the case only involved property damage.

As stated above, we are tasked with determining whether these arguments show the trial court abused its discretion in denying West Oaks' motion for sanctions. *See Brewer*, 601 S.W.3d at 717; *Low*, 221 S.W.3d at 614. We note that West Oaks did not cite — and our research did not find — any cases in which an appellate court held that the trial court's denial of sanctions constituted an abuse of discretion. *See also State v. Forty-Five Thousand & Eight Hundred Ten Dollars &*

*Ten Cents ($45,810.10) in U.S. Currency*, 609 S.W.3d 219, 226 (Tex. App.—San Antonio 2020, pet. denied) ("The State does not cite any authority, nor do we find any, in which a trial court was found to have abused its discretion by denying a motion for sanctions."); *Cook v. Izen*, No. 09-17-00025-CV, 2019 WL 385926, at *8 (Tex. App.—Beaumont Jan. 31, 2019, no pet.) (mem. op.) ("We note that when parties have moved for sanctions but the motion was denied, our sister courts have affirmed the rulings, explaining that no abuse of discretion occurred when the trial court denied the motion."); *Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 WL 2248572, at *5 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.) ("[Appellants] cite no authority that sanctions are mandatory under chapter 10, nor do they cite any case in which an appellate court reversed a trial court for not awarding a discretionary sanction.").

Against this backdrop and in light of the law governing sanctions under Rule 13 and chapter 10, we conclude that the trial court did not abuse its discretion in denying West Oaks' motion for sanctions. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.002, 10.004.

Rule 13 requires showing that the challenged filings were either brought in bad faith or for purposes of harassment. *See* Tex. R. Civ. P. 13. The record does not make this showing and does not contain any evidence suggesting that Guerrero's filings were pursued for "dishonest, discriminatory, or malicious purposes" or to "annoy[], alarm[], or cause substantial emotional distress." *See Harrison*, 363 S.W.3d at 863; *Harassment*, Black's Law Dictionary (11th ed. 2019). Rather, the record suggests the opposite: as indicated by Guerrero's counsel's motion to withdraw, at some points counsel was unable to effectively communicate with Guerrero, who would not return his calls and messages. Therefore, at most, Guerrero's pleadings may be construed as an exercise of poor

9

judgment — but this alone does not warrant sanctions under Rule 13. *See Harrison*, 363 S.W.3d at 863.

The record also does not show that the trial court abused its discretion in denying sanctions under chapter 10 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.002, 10.004. As relevant here, section 10.001 permits sanctions for claims that are unsupported by the law or if a factual contention lacks evidentiary support after a reasonable opportunity for investigation or discovery. *Id*. § 10.001.

Citing chapter 10, West Oaks contends that Guerrero never "dispute[d] the existence of the written contract or that any provision in the written contract did not apply to the facts of this case or were legally barred for some reason." But in her first and second amended petition, Guerrero asserted that the parties' rental agreement did not apply to the dispute and that the agreement's execution was the result of "an unconscionable bargaining process." So contrary to West Oaks' assertion, Guerrero did assert (albeit unsuccessfully) that the rental agreement did not bar her claims against West Oaks.

Pointing to the fire marshal's investigative report, West Oaks also argues that Guerrero never had any evidence to support her claims. But in her response to West Oaks' summary judgment motion, Guerrero attached evidence including her affidavit, pictures of the damage to her work van, and print outs from West Oaks' website. That this evidence failed to satisfy Guerrero's summary judgment burden does not automatically entitle West Oaks to sanctions.

Finally, West Oaks complains that Guerrero's original and amended petitions referenced damage measurements relevant to physical injuries even though the lawsuit only involved property damage. But the paragraphs referencing these measurements (two of which stated that the measurements were to be used

10

"in the alternative") comprise only a small part of Guerrero's pleadings. These paragraphs do not form the basis of Guerrero's claims nor are they referenced in any other part of the pleadings. Given their negligible impact on the litigation, they do not show that the trial court's denial of sanctions constitutes error.

Therefore, we conclude the record does not show that the trial court abused its discretion in denying West Oaks' motion for sanctions. We overrule West Oaks' sole issue on appeal.

## CONCLUSION

We affirm the trial court's March 1, 2023 order denying West Oaks' motion for sanctions.

/s/ Meagan Hassan
   Justice

Panel consists of Justices Hassan, Poissant, and Wilson.

11